450 So.2d 1268 (1984)
Albert P. ELEBASH, Jr., Appellant,
v.
Judy H. ELEBASH, Appellee.
No. 83-91.
District Court of Appeal of Florida, Fifth District.
June 14, 1984.
*1269 Donald J. Sasser of Johnston, Sasser, Randolph & Weaver, West Palm Beach, for appellant.
Walter T. Rose, Jr., of Rose & Weller, Cocoa Beach, for appellee.
PER CURIAM.
This case involves "shared parental responsibility" under section 61.13, Florida Statutes (1983).
As it had the authority to do, the trial court declined to follow a marital settlement agreement between the parties relating to child custody, visitation and support. The agreement provided for joint custody with the children's actual physical residence to alternate or rotate or shift between the parties every other weekday and every other weekend. The final judgment dissolving the marriage awarded the care, custody, and control of the minor children to the mother and then contained the following three paragraphs:
Custody as herein adjudicated shall be construed to mean ultimate responsibility over specific aspects of the children's welfare as follows: primary physical residence, which shall be with the custodial parent; education; medical, dental and other remedial care, both emergency and elective; discipline and rules of conduct; religious training; clothing and manner of dress; social and recreational planning and participation. The Court finds said assignment of responsibilities to be necessary in this particular family and in the best interests of the children.
Other than as set forth herein the parties shall continue to share the rights and responsibilities of child rearing, the Court finding that such shared parental responsibility is in accordance with the best interest of the children.
Both Petitioner and Respondent as parents of the children herein named, owe a duty of financial support, to contribute toward the physical necessities and needs of the minor children, which is shared parental responsibility, any language contained in Chapter 409, Florida Statutes, to the contrary notwithstanding.
The father appeals and argues that placing the ultimate responsibility on the wife as to the most important aspects of child rearing violated section 61.13, Florida Statutes (1983). We cannot agree. Section 61.13(2)(b)2.a. expressly provides that in ordering shared parental responsibility the court may grant one party the ultimate responsibility over specific aspects of the child's welfare or may divide those aspects between the parties based on the best interests of the child. The shared parental responsibility statute states some new philosophy, codifies and clarifies some existing legal concepts as to the responsibilities of both parents to their children but does not abrogate or overrule prior case law relating *1270 to judicial discretion and the various aspects of the specific needs of children and the many alternative methods of making legal provision for their needs. Even under the statutory provision for shared parental responsibility the controlling and guiding rule is still the best interests and welfare of the child and the trial court still exercises a judicial discretion in determining what is best and how it can best be achieved in the particular case based on the evidence presented.
Neither do we find that the trial court abused its discretion. Despite the close proximity of the two residences in question and the fact that the children had been rotating their residences, sometimes on a daily basis, there was ample evidence to support the trial judge's finding that the plan sought by the father and provided in the settlement agreement "to achieve a near mathematically equal division of the children's lives, moving them back and forth on a daily basis in order to enjoy a `joint custody,' deprives them of that stability, security, and comfort which is so necessary in the lives of young children and which is associated with the home and the order and discipline of one single authority."
The shared parental responsibility statute does not mandate that the physical residence of the minor children be rotated between parents and such rotation is presumptively not in the best interest of children. See Frey v. Wagner, 433 So.2d 60 (Fla. 3d DCA 1983). Also see Strickland v. Wedekind, 436 So.2d 250 (Fla. 5th DCA 1983); Alonso v. Alonso, 432 So.2d 174 (Fla. 3d DCA 1983).
The final judgment in this case shows the careful and conscientious consideration of the trial judge of both the provisions of the shared parental responsibility statute and of the best interests and welfare of the children in this case and we specifically approve it. We expressly hold that the shared parental responsibility statute does not eliminate, or limit,[1] the trial court discretion to provide for the best interest and welfare of children as to their custody, visitation, and support. We again hold that the ultimate test in determining the custody award is the best interests and welfare of the child as contemplated by section 61.13(2)(b)2.a. and (3), Florida Statutes (1983), and that when the trial judge's discretion relating to custody has been exercised in a reasonable manner it should not be disturbed on appeal. See Gorman v. Gorman, 400 So.2d 75 (Fla. 5th DCA 1981). Neither do we find an abuse of discretion in setting the amount of child support, in not now setting the exact time of termination of child support,[2] in not requiring the wife to remain in a certain location for five years or in awarding attorney's fees.
AFFIRMED.
ORFINGER, C.J., COWART, J., and WATSON, R.O., Associate Judge, concur.
NOTES
[1] Query. Does the last sentence in section 61.13(2)(b)1. limit section 61.13(3)(j) and prohibit the trial judge in determining custody to consider the age of the child as a relevant factor? Does this abolish the "tender years" doctrine?
[2] Whether a child is a dependent beyond the age of 18 years should be determined by the court, if requested, at the time of attainment of majority by each child. Cyr v. Cyr, 354 So.2d 140 (Fla. 2d DCA 1978).