484 So.2d 1269 (1986)
Madelon GREEN, Appellant/Cross-Appellee,
v.
Karl W. GREEN, Appellee/Cross-Appellant.
No. 83-2208.
District Court of Appeal of Florida, Third District.
February 11, 1986.
On Motions for Rehearing and/or Clarification April 1, 1986.
*1270 Fowler, White, Burnett, Hurley, Banick & Strickroot and John R. Kelso and Stephen M. Zukoff, Miami, for appellant/cross-appellee.
Stanley Jay Bartel, Miami, for appellee/cross-appellant.
Before HENDRY, NESBITT and BASKIN, JJ.
NESBITT, Judge.
This is an appeal and cross-appeal of a final judgment of dissolution. Madelon Green argues on appeal that the trial court erred by: 1) failing to award permanent periodic alimony; 2) awarding an insufficient amount of child support; and 3) assessing only a portion of her attorney's fees against the husband. We find merit in the first and third arguments and reverse.
The dissolution ended a twenty-year marriage during which the wife did some work in her husband's medical practice and taught at a private school which their three children attend. The wife earns approximately $5,000 per year teaching and is entitled to tuition credits for the children. The husband, on the other hand, has a successful medical practice from which he has earned over $300,000 per year in the last few years. He also has a retirement plan which was valued at $350,000 in 1982.
The three aspects of the final judgment which are of significance in this appeal and cross-appeal are as follows: 1) there was no permanent periodic alimony awarded; 2) the wife was awarded $250,000 in lump sum alimony, payable without interest, $30,000 within thirty days and the remaining $220,000 payable in monthly installments over an eight-year period beginning one year from the date of the $30,000 payment; and 3) the husband was ordered to pay a $35,000 portion of the wife's attorney's fees.
Dealing briefly with the permanent alimony question, we find this case is controlled by a number of others which found, on similar facts, that permanent alimony was required as a matter of law. Colucci v. Colucci, 392 So.2d 577, 579-80 (Fla. 3d DCA 1980) and cases cited therein. We leave the determination of an appropriate amount to the trial court.[1]
With regard to the attorney's fee award, we note two things. First, a reasonable amount for the wife's full attorney's fees was never established by the trial court. It is difficult, therefore, for us to determine what portion of the entire fees are the responsibility of each party. Second, the award of permanent periodic alimony on remand will obviously affect *1271 the wife's ability to pay her attorneys.[2] Consequently, we remand the issue to the trial court with directions to make a finding as to a reasonable amount of the wife's entire fees. The judge should then assess fees in accordance with the parties' respective financial abilities.
The husband raises three points on cross-appeal, only one of which we find necessary to discuss. The lump sum alimony payments are extended over a period of nine years and one month. The husband contends that it was error for the trial court not to extend the period of time for payment past ten years so that he can take advantage of federal tax code provisions, I.R.C. §§ 71, 215 (West 1978), which would allow him to deduct the payments as if they were permanent periodic alimony. Granting the request would have no significant effect on the wife's award. We reverse on this point and direct that the trial court modify the judgment to allow the husband, to the extent it is available,[3] the tax benefit he has sought. See Mahaffey v. Mahaffey, 401 So.2d 1372, 1373-74 (Fla. 5th DCA 1981); Rogoff v. Rogoff, 115 So.2d 456 (Fla. 3d DCA 1959). The court should modify the financial aspects of the lump sum award to ensure that any extension of time for payment does not reduce the real value of the award. The appeal and cross-appeal are in all other respects affirmed.
Affirmed in part, reversed in part and remanded with directions.

ON MOTIONS FOR REHEARING AND/OR CLARIFICATION
PER CURIAM.
Madelon Green's motion for clarification of our disposition of the permanent periodic alimony issue is granted. The award of permanent periodic alimony is to be retroactive to the date of the final judgment under review. In all other respects, the parties' motions for rehearing and/or clarification are denied.
NOTES
[1] While Mrs. Green, with her training and experience as a teacher, has a greater earning capacity than did Mrs. Colucci, it is clear that such capacity is limited and will never rise to a level which will allow her, on her own, to attain a standard of living similar to the one she enjoyed while married. The fact that Mrs. Green has some earning capacity, while relevant to the determination of a proper amount of permanent periodic alimony, does not mean that she is entitled to none at all.
[2] We do not mean to suggest by this statement that the wife should be awarded less attorney's fees than the $35,000 award under review. We mean only that the trial court should determine the full amount to which her attorneys are entitled and then assess those fees according to the parties' financial positions.
[3] I.R.C. §§ 71 and 215 were amended by the Deficit Reduction Act of 1984, Pub L. No. 96-369, Title IV, § 422(a), (b), 98 Stat. 795, 797 (1984).