SCHWARTZ, Chief Judge.
Both ex-spouses appeal from various aspects of the final judgment of dissolution.
1. We reject, as completely meritless, the husband’s challenges to the awards of $86,000 in lump sum-equitable distribution and of attorney’s fees to the wife. Cana-karis v. Canakaris, 382 So.2d 1197 (Fla. 1980); Adams v. Adams, 376 So.2d 1204, 1206 (Fla. 3d DCA 1979), cert, denied, 388 So.2d 1109 (Fla.1980).
2. Treating Ms. Radin’s far more substantial points on cross-appeal, we first agree that, considering all the circumstances, particularly the greatly disparate financial resources and earning abilities of the parties, it was a plain abuse of discretion for the trial court to fail to make any award of periodic alimony for the wife’s support, in addition to the equitable distribution. See Green v. Green, 484 So.2d 1269 (Fla. 3d DCA 1986); Alexander v. Alexander, 479 So.2d 815 (Fla. 4th DCA *659 1985); Andrews v. Andrews, 479 So.2d 249 (Fla. 2d DCA 1985); Carroll v. Carroll, 471 So.2d 1358 (Fla. 3d DCA 1985); DeCenzo v. DeCenzo, 433 So.2d 1316 (Fla. 3d DCA 1983); Rion v. Rion, 421 So.2d 541 (Fla. 5th DCA 1982). We therefore direct that a reasonable award of periodic alimony be rendered upon the taking of appropriate testimony after remand.[1] Although the record comes close to demonstrating that permanent alimony is required as a matter of law, see Green v. Green, 484 So.2d 1269; Coined v. Coined, 392 So.2d 577 (Fla. 3d DCA 1980), we consider that the trial judge should in the first instance determine the character, amount and duration of the periodic alimony, subject to appropriate appellate review.
The trial judge granted “permanent care, custody and control” of the couple’s two children to Mr. Radin, with reasonable visitation to the mother. While the substance of this order is well-supported by the record below, and was surely within the lower court’s discretion, the form of this provision is defective, since it does not comply with the Shared Parental Responsibility Act, § 61.13(2)(b) 2, Fla.Stat. (1983). While we have some sympathy with the view that the distinctions are largely semantic, see Holland v. Holland, 458 So.2d 81, 82 (Fla. 5th DCA 1984) (Cowart, J., dissenting); cf. Roffe v. Roffe, 404 So.2d 1095 (Fla. 3d DCA 1981), it is nevertheless true that the law of this state mandatorily requires that these issues be considered and resolved in terms of shared parental responsibility. See Rhines v. Rhines, 483 So.2d 4 (Fla. 2d DCA 1985); Holland v. Holland, 458 So.2d 81; see generally Goldenberg, The Shared Parental Responsibility Act: How to Provide for the Best Interests of a Child, Fla.Bar J., Oct. 1985, at 59; Kapner, Shared Parental Responsibility: Questions and Answers, 57 Fla.Bar J. 163 (1983). Accordingly, the trial court is directed to amend the final judgment to bring it into compliance with the act. We emphasize that this does not preclude the trial court from providing, without further hearing, that the parties shall have shared parental responsibility,[2] and that the children’s “primary physical residence” shall be with the father.
Finally, we do not agree with Ms. Ra-din’s claim that the award of equitable distribution was unreasonably low. Cana-karis v. Canakaris, 382 So.2d 1197.
Affirmed in part, reversed in part and remanded.

. The award of alimony should be made retroactive to the date of the final judgment of dissolution. Green v. Green, 484 So.2d at 1271.

. There is no basis in the record for a finding that shared parental responsibility would be detrimental to the children as is required to permit an order of "sole parental responsibility.” § 61.13(2)(b)2, Fla.Stat. (1983).