HUBBART, Judge
(concurring).
I concur in the judgment and opinion of the court except with respect to two aspects of the opinion.
First, I agree that Mr. Radin’s appeal does not present reversible error. I am unwilling, however, to characterize his appeal as “completely meritless,” as it implies that the appeal is frivolous, which it surely is not. It simply does not present a sufficient basis for interfering with the trial court’s discretion, Canakaris v. Cana-karis, 382 So.2d 1197 (Fla.1980), and I would reject the appeal on that basis alone.
Second, I cannot agree that the error in the entry of the child custody order herein was a mere formal or technical erroT which may be remedied by cosmetic amendments to the subject order upon remand. Plainly, the child custody order herein which awards “permanent care, custody, and control” of the parties’ two minor children to Mr. Radin, with reasonable visitation to Mrs. Radin, failed to comply with the Shared Parental Responsibility Act, Section 61.13(2)(b)2a, b, Florida Statutes (1983), which provides:
“2. The court shall order that the parental responsibility for a minor child be shared by both parents unless the court finds that shared parental responsibility would be detrimental to the child. If the *660 court determines that shared parental responsibility would be detrimental to the child, the court may order sole parental responsibility.
a. ‘Shared parental responsibility’ means that both parents retain full parental rights and responsibilities with respect to their child and requires both parents to confer so that major decisions affecting the welfare of the child will be determined jointly. In ordering shared parental responsibility, the court may consider the expressed desires of the parents and may grant to one party the ultimate responsibility over specific aspects of the child’s welfare or may divide those aspects between the parties based on the best interests of the child. When it appears to the court to be in the best interests of the child, the court may order or the parties may agree how any such responsibility will be divided. Such areas of responsibility may include primary physical residence, education, medical and dental care, and any other responsibilities which the court finds unique to a particular family and/or in the best interests of the child.
b. ‘Sole parental responsibility’ means that responsibility for the minor child is given to one parent by the court, with or without rights of visitation to the other parent.”
Obviously, the child custody order herein was entered as if the Shared Parental Responsibility Act had never been passed; it is in fact a pre-act custody order which in no sense addresses the issues of shared parental responsibility as required by the above-stated legislative provision. I think the failure to follow these provisions of the act constitutes a substantive error, rather than a mere formal defect; I therefore cannot agree with the court’s observation that “the substance of this order is well-supported by the record below, and was surely within the lower court’s discretion,” and that only “the form of this provision is defective_” 497 So.2d at 659 (emphasis in opinion). As the court ultimately, and correctly, concludes, “the law of this state maiylatorily requires that these [child custody] issues be considered and resolved in terms of shared parental responsibility,” and that accordingly, upon remand, “the trial court is directed to amend the final judgment to bring it into compliance with the [Shared Parental Responsibility Act].” 497 So.2d at 659. Plainly, then, the failure to follow the above statutory requirements for the entry of a child custody order in this case constitutes a significant error which must be reversed for the entry of a child custody order which complies with these requirements. Holland v. Holland, 458 So.2d 81, 82 (Fla. 5th DCA 1984); Nichols v. Nichols, 432 So.2d 648, 648-49 (Fla. 5th DCA 1983).
In addition, I cannot agree that the child custody order under review is nothing more than the equivalent of an order which provides for joint parental responsibility and grants primary physical residence of the child to one of the parties, as the court’s opinion seems to imply. I disagree with the court that distinctions of this nature are “largely semantic” else the passage of the entire Shared Parental Responsibility Act was an exercise in futility. As one commentator has stated:
“Unfortunately, many equate ‘primary and secondary residence’ with the old terms of ‘custody and visitation,’ and assume that the primary residential parent still has total control. This should not be so. Practically, the parent with whom the child primarily resides should have the ultimate authority as to day-to-day decisions. As to other decisions, the Act does not require the parties to agree, but does require them to confer and cooperate on major matters.”
Goldenberg, The Shared Parental Responsibility Act: How to Provide for the Best Interests of a Child, Fla.Bar J., Oct. 1985, at 59, 60. It would seem that the court in this opinion has fallen into the trap warned against in the above-stated commentary.
In sum, then, I think the trial court upon remand will be required to think through, carefully, the substantive requirements of the Shared Parental Responsibility Act and to enter a child custody order which fully *661 complies with the act. The trial court should not, as the majority opinion infers, regard this entire process as a mere formal exercise having no real substantive content.
With these reservations, then, I join in the judgment and opinion of the court.