734 So.2d 565 (1999)
J SQUARE ENTERPRISES, Appellant,
v.
Joseph E. REGNER, Jr., and The Bank of Winter Park, Appellees.
Nos. 98-1990, 98-2812.
District Court of Appeal of Florida, Fifth District.
June 4, 1999.
Mario A. Garcia of Pappas and Garcia, Orlando, for Appellant.
David J. Kohs and Houston E. Short of Pohl and Short, P.A., Winter Park, for Appellees, Joseph E. Regner, Jr., and The Bank of Winter Park.
COBB, J.
The appellant, J Square Enterprises, defaulted on its mortgage held by The Bank of Winter Park (hereinafter Bank), and a foreclosure sale date of November 12, 1993, was set. According to J Square's complaint, which was ultimately dismissed by the trial court, Bank at the same time obtained a foreclosure judgment against Delta Diagnostics, Inc. in the sum of $62,320.40. Due to the uncertainty of collection of the Delta judgment, Bank's agent, Joseph E. Regner, Jr., represented to J Square that if it paid the Delta judgment in full prior to the November 12, 1993, public sale of J Square's realty, then Bank would cancel the sale and reschedule it for December 31, 1993, thereby providing J Square additional time to satisfy its judgment and salvage its realty. At 9:00 a.m. on November 12, J Square paid the Delta judgment in full and Bank confirmed that it would cancel the sale of J Square's property scheduled for 11:00 a.m. The sale was not canceled because, unbeknownst to J Square, Bank had previously sold its *566 foreclosure judgment to a third party, who then purchased the property at the foreclosure sale.
J Square eventually (almost four years later) filed an action against Bank and Regner alleging breach of contract and fraud against Bank and fraud against Regner. The defendants moved to dismiss on the basis of section 687.0304, Florida Statutes (sometimes known as the Bank Statute of Frauds), and the opinion of this court in Puff `N Stuff of Winter Park, Inc. v. Bell, 683 So.2d 1176 (Fla. 5th DCA 1996). The trial court dismissed the action against both defendants and this appeal ensued.
As its first point on appeal, J Square argues that section 687.0304 does not bar enforcement of the agreement between itself and Bank because its full performance under the contract (i.e., payment of the Delta judgment) removes this case from the applicability of the statute. J Square argues that the traditional Statute of Frauds, section 725.01, Florida Statutes, does not bar enforcement of an oral agreement where there has been full performance by one party and acceptance by the other party. See Dixon v. Clayton, 44 So.2d 76 (Fla.1949); Pedrick v. Vidal, 95 Fla. 952, 116 So. 857 (1928); Demps v. Hogan, 57 Fla. 60, 48 So. 998 (1909). There is no logical reason, argues J Square, why the full performance doctrine should not also apply to the Bank Statute of Frauds. We agree. Our opinion in Puff `N Stuff did not involve a contract performed by one party, with that performance accepted by the other party, as does the instant case. Additionally, as pointed out by the dissent in Puff `N Stuff, a party cannot rely to his detriment on an unenforceable promise. See e.g., Canell v. Arcola Housing Corp., 65 So.2d 849 (Fla. 1953). Accordingly, we find that the trial court erred in dismissing the appellant's action for breach of contract against Bank.
J Square also argues that its counts against Bank and Regner based on fraud in the inducement are not barred because the claims are essentially defensive in nature. While we agree that the fraud claims are not barred by section 687.0304 (since its applicability has been negated by the doctrine of performance), we do not agree that these claims are essentially defensive in nature. The viability of the asserted fraud counts does not turn upon the applicability of the Bank Statute of Frauds, so we pass to the appellant's other points on appeal.
J Square argues in its third point on appeal that Puff `N Stuff does not apply to the instant case because here we are concerned with a misrepresentation of an extant material fact (i.e., Bank's ownership of the judgment) whereas, arguably, there we were dealing with the breach of an executory promise. In its fourth point J Square argues, somewhat repetitiously, that Regner and Bank are liable based upon the dissenting opinion in Puff `N Stuffan argument which we reject on its face.
J Square's fifth point on appeal is that Regner should be held personally liable for his fraud as an independent tort not shielded by the Bank Statute of Frauds since Regner was not a party to the agreement between J Square and Bank. While we agree that Regner's alleged tort is not shielded by the statute (because the statute does not apply in this case), the real issue in regard to the fraud counts is whether or not they may stand in the face of the economic loss rule.[1] In other words, did the trial court arrive at a correct result in dismissing the fraud counts, or either of them, via the tipsy coachman route?[2]
*567 In HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla.1996), the Florida Supreme Court held that the economic loss rule did not obliterate causes of action for independent torts such as fraudulent inducement. The opinion stated:
The economic loss rule has not eliminated causes of action based upon torts independent of the contractual breach even though there exists a breach of contract action. Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from acts that breached the contract.... Fraudulent inducement is an independent tort in that it requires proof of facts separate and distinct from the breach of contract. It normally `occurs prior to the contract and the standard of truthful representation placed upon the defendant is not derived from the contract,'....
Id. at 1239.
The question, therefore, is whether the alleged fraud of Bank was an act independent from any acts that breached the contracti.e., was it an act requiring proof of facts separate and distinct from the breach of contract? Clearly, the alleged fraud here was the representation by Regner, acting on behalf of Bank, that the latter would cancel the sale even though Bank, either at the time of the original representation or at the time immediately prior to sale when the representation was reaffirmed, did not have the legal capacity to comply with its promise. That misrepresentation can hardly be a fact separate and distinct from the breach of contract since the capacity to perform is clearly implied and inseparable from the representation itself. It follows, then, that HTP Ltd., by its express language, precludes the instant fraud action against Bank. Moreover, if the principal, Bank, cannot be sued in tort by J Square, then neither can its agent, Regner, whose only dealings with J Square, based upon the allegations of the complaint, were those wherein he acted as agent for Bank.
Accordingly, we affirm the action of the trial court in dismissing the fraud counts and reverse its dismissal of the contract action against the appellant, The Bank of Winter Park.
AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings consistent with this opinion.
THOMPSON and ANTOON, JJ., concur.
NOTES
[1] See Casa Clara Condominium Ass'n, Inc. v. Charley Toppino and Sons, Inc., 620 So.2d 1244 (Fla.1993); AFM Corp. v. Southern Bell Tel. and Tel. Co., 515 So.2d 180 (Fla.1987); and Florida Power & Light Co. v. Westinghouse Elec. Corp., 510 So.2d 899 (Fla.1987).
[2] See Carraway v. Armour & Co., 156 So.2d 494, 497 (Fla.1963); Holland v. Holland, 458 So.2d 81, 85 n. 3 (Fla. 5th DCA 1984) (Cowart, J., dissenting).