855 So.2d 1273 (2003)
Joseph F. GIALLO, II, and Mary B. Giallo, Appellants,
v.
NEW PIPER AIRCRAFT, INC., Signature Combs Aircraft Sales, Inc., Goodrich Avionics Systems, Inc., a/k/a B.F. Goodrich Avionics Systems, Inc., Appellees.
No. 4D03-4.
District Court of Appeal of Florida, Fourth District.
October 15, 2003.
*1274 Arthur M. Freyre of Moulis & Associates, P.A., Ft. Lauderdale, for appellants.
John M. Murray, Christopher S. Morin and Jeffrey J. Minneti of Murray, Marin & Herman, P.A., Tampa, and Carolyn A. Pickard of Murray, Marin & Herman, P.A., Miami, for appellee Signature Combs Aircraft Sales, Inc.
KLEIN, J.
The Giallos purchased a Piper Saratoga from Signature Combs, a Piper aircraft dealer, and prior to taking delivery, had the dealer install a BF Goodrich Avionics System. After taking delivery, plaintiffs discovered that the avionics system could not be made to work properly and brought this lawsuit against the dealer, the manufacturer of the aircraft, and the manufacturer of the avionics system. The trial court dismissed the complaint alleging fraud and revocation of acceptance against the dealer, for failure to state a cause of action, leaving the claims against the remaining defendants pending. We affirm the dismissal.
The contract for sale between the Giallos and the dealer provided the aircraft was sold "as is" by the dealer, incorporated a full factory warranty from the manufacturer, New Piper, and disclaimed any oral representations or warranties as to the dealer. The warranty provided by the manufacturer excluded the avionics system, which is supposed to notify a pilot of nearby aircraft. The avionics system was warranted by its own manufacturer.
The sales contract for the aircraft provided in part:
This Agreement constitutes the entire agreement of the parties hereto with respect to the purchase and sale of the Aircraft and supercedes all prior representations and understandings whether written or oral. No modification, termination *1275 or waiver of any provision hereof shall be valid unless in writing signed by the parties.
* * *
11. Warranty disclaimer. EXCEPT AS EXPRESSLY STATED TO THE CONTRARY HEREIN, THE AIRCRAFT IS SOLD "AS IS" AND SELLER HEREBY DISCLAIMS AND MAKES NO EXPRESS OR IMPLIED WARRANTIES OR REPRESENTATIONS OF ANY KIND WITH RESPECT TO THE AIRCRAFT INCLUDING, WITHOUT LIMITATION, ITS CONDITION, DESIGN, QUALITY, CAPACITY, MERCHANTABILITY, FITNESS FOR ANY PARTICULAR PURPOSE, COMPLIANCE WITH THE REQUIREMENTS OF ANY LAW, ORDER, RULE, REGULATION, SPECIFICATION, PATENT OR CONTRACT.
SELLER SHALL NOT BE LIABLE FOR ANY DEFECT, EITHER LATENT OR PATENT, IN THE AIRCRAFT AND SHALL HAVE NO OBLIGATION OR LIABILITY IN NEGLIGENCE, STRICT LIABILITY OR OTHER TORT.
Notwithstanding these contractual provisions, the Giallos claim that the dealer, Signature Combs, committed fraud because its president orally represented that the B.F. Goodrich Avionics System would "enhance the safety of the aircraft." We disagree. Assuming for purposes of argument that the oral statement is fraudulent, a party cannot recover for fraudulent oral representations which are covered in or contradicted by a later written agreement. Hillcrest Pac. Corp. v. Yamamura, 727 So.2d 1053 (Fla. 4th DCA 1999).[1]
The Giallos also alleged a claim for revocation of acceptance under the Uniform Commercial Code, section 672.608, Florida Statutes (2002), which provides:
Revocation of acceptance in whole or in part.
(1) The buyer may revoke her or his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to her or him if she or he has accepted it: a) On the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured ...
Signature Combs argues that the buyers were not entitled to revocation because the sales agreement provides that the aircraft was sold "as is" and that all warranties were disclaimed by Signature Combs. It relies on Frank Griffin Volkswagen, Inc. v. Smith, 610 So.2d 597 (Fla. 1st DCA 1992), in which Smith bought a new VW from a dealer, acknowledged that the vehicle was sold "as is," and that the only warranties were that of the manufacturer. After suffering numerous mechanical problems, Smith sued both the manufacturer and dealer for revocation of acceptance and the First District held that revocation of the contract between the dealer and *1276 Smith was not available because there was no breach of a contractual obligation which rendered the automobile nonconforming. We agree with Frank Griffin and find it indistinguishable from the present case in any manner which would benefit the Giallos.
Affirmed.
GUNTHER and GROSS, JJ., concur.
NOTES
[1] Signature Combs has not argued that the statement is, at most, puffing, rather than fraud. Wasser v. Sasoni, 652 So.2d 411, 412 (Fla. 3d DCA 1995) (seller's representation that an apartment building was "`a very good building' requiring `normal type of maintenance'" was merely puffing and not a fraudulent misrepresentation); Mejia v. Jurich, 781 So.2d 1175 (Fla. 3d DCA 2001) (statement by sales person that homes in development would never be sold for a lower price because developer was committed to upholding property values in the project was merely puffing). It is therefore unnecessary for us to address that question.