990 So.2d 1118 (2008)
CONCEPT STORES MIAMI, INC., Florida corporation, Appellant,
v.
BAKERY ASSOCIATES, LTD., a Florida limited partnership, and Simon Property Group, L.P., a Delaware limited partnership, and Simon Property Group, Inc., a Delaware corporation, Appellees.
No. 3D07-41.
District Court of Appeal of Florida, Third District.
July 30, 2008.
Rehearing and Rehearing En Banc Denied October 3, 2008.
Scott Alan Orth, for appellant.
Baker & Hostetler and Robert W. Thielhelm, Jr. and Karla L. Haynes, Orlando, for appellees.
Before WELLS, ROTHENBERG, and SALTER, JJ.
WELLS, Judge.
Affirmed. See Taylor v. Maness, 941 So.2d 559, 564 (Fla. 3d DCA 2006) (observing that plaintiffs were seeking to recover damages in tort for a matter which arose from a breach of contract claim and thus deciding that "the trial court properly concluded that the economic loss rule barred recovery for the fraud in the inducement and negligent misrepresentation claims"); Mac-Gray Servs., Inc. v. DeGeorge, 913 So.2d 630, 634 (Fla. 4th DCA 2005) (considering statements claimed to have been relied on and observing "[e]ven if we considered these material statements, rather than mere puffing, the contract precludes reliance on them. A party cannot recover in fraud for alleged oral misrepresentations that are adequately covered or expressly contradicted in a later written contract."); Giallo v. New Piper Aircraft, Inc., 855 So.2d 1273, 1275 (Fla. 4th DCA 2003) (stating "a party cannot recover for fraudulent oral representations which are covered in or contradicted by a later written agreement"); Bates v. Rosique, 777 So.2d 980, 982 (Fla. 3d DCA 2001) (concluding "where the alleged fraudulent misrepresentations are inseparably embodied in the parties' subsequent agreement, the Economic Loss Rule will apply"); J Square Enters. v. Regner, 734 So.2d 565, 566-67 (Fla. 5th DCA 1999) (observing that fraudulent inducement is an independent tort in that it requires proof of facts separate and distinct from the breach of contract); Clayton v. State Farm Mut. Auto. Ins. Co., 729 So.2d 1012, 1014 (Fla. 3d DCA 1999) (holding "where the alleged fraudulent misrepresentation is inseparable from the essence of the parties' agreement, the economic loss rule still applies"); Straub Capital Corp. v. L. Frank Chopin, P.A., 724 So.2d 577, 579 (Fla. 4th DCA 1998) (concluding that the economic loss rule barred commercial tenants' claim against landlord for negligent misrepresentation, *1119 where alleged misrepresentations were directly related to landlord's performance under lease); Hotels of Key Largo, Inc. v. RHI Hotels, Inc., 694 So.2d 74, 78 (Fla. 3d DCA 1997) (observing "where the alleged fraudulent misrepresentation is inseparable from the essence of the parties' agreement, the economic loss rule applies and the parties are limited to pursuing their rights in contract").