583 So.2d 415 (1991)
George R. KENNEDY, III, Appellant,
v.
Leisa A. KENNEDY, Appellee.
No. 90-1669.
District Court of Appeal of Florida, Fifth District.
August 1, 1991.
Robert L. McLeod, II, of Walton, Townsend & McLeod, Palatka, for appellant.
No appearance for appellee.
PETERSON, Judge.
George R. Kennedy, III, appeals the final judgment dissolving his marriage to Leisa Kennedy in which an "Agreement in Contemplation of Divorce" executed on March 15, 1990, was incorporated by reference. The agreement provided, inter alia, for shared parental responsibility and Leisa's primary residential custody of George IV, born November 6, 1987. The agreement also provided for lump sum alimony and payment of child support by George. While the final judgment provided that it incorporated all of the provisions of the Agreement, apparently the trial judge did not mean to incorporate the provisions dealing with the husband's child support since the judge reserved ruling on this issue and ordered submission of financial affidavits.
On May 30, 1990, because of the death of his father, George moved for a continuance of the final hearing scheduled for the same day. On June 7, 1990, he filed a "Notice of Objection and Withdrawal from Stipulation and Agreement Regarding Final Judgment for Dissolution of Marriage and Motion to Take Additional Testimony Before Special Examiner." The body of the motion alleged no specific facts but merely made the conclusory allegation that the facts surrounding "[b]oth financial and fitness aspects of the ... Agreement substantially *416 changed and/or have been discovered, and, thus, there can no longer be an agreement between the parties as stated in the existing stipulation." George's motion to set aside the earlier agreement was heard at the final hearing. The final hearing took place on June 20, 1990, but the proceedings were not recorded and have not been reconstructed pursuant to rule 9.200(b)(4), Florida Rules of Appellate Procedure. Thus, we cannot determine from the record whether the trial court considered testimony about changes in circumstances relating to child custody between the time of the execution of the marital agreement and the date of George's motion. We must assume that testimony was offered on some issue since it was a final hearing, and an order of dissolution was subsequently entered. The trial court may have elected to conduct the hearing on the child custody rather than referring it to a special examiner.
On June 29, 1990, George filed a memorandum in support of setting aside the agreement. In the memorandum, he stated that he no longer could pay the alimony and the support contemplated by the Agreement since his father's death precluded promised assistance in making the support payments. He also stated that Leisa should not have primary residential custody because of alcoholism, driving while intoxicated with George IV in her automobile, carousing at night, residing with a strange man in her home, and allowing minors to drink alcoholic beverages at parties in her home. He further stated that George IV had learned to use vulgar language while in her custody. The memo was followed on July 5, 1990, by George's motion for appointment of a guardian ad litem for George IV. Leisa submitted a memorandum listing dates of disturbances, harassment, trespass, battery, and spouse abuse directed towards her by George.
The trial judge denied George's motions to set aside the agreement and to take additional testimony before a special examiner and entered the final judgment. The judge cited Casto v. Casto, 508 So.2d 330 (Fla. 1987), as authority for denying George's motion to set aside the Agreement. The motion for appointment of a guardian ad litem was also denied, but the trial judge did appoint one on September 16, 1990, in response to George's post-judgment petition for modification of custody. The order of appointment included provisions whereby Leisa was enjoined from using or abusing alcoholic beverages, and George was enjoined from harassing Leisa.
On appeal George contends that the trial judge should not have relied upon Casto and should have considered activities occurring after the signing of the postnuptial agreement in order to determine custody. Leisa did not file an answer brief in this appeal. In Casto, the Florida Supreme Court held that a postnuptial agreement can be set aside or modified if it was entered under fraud, duress, deceit, coercion, misrepresentation, or overreaching. Casto is inapposite because it did not involve custody. A trial court does have discretion to determine independently the best interests of the child and to decline to follow an agreement regarding custody, support, and visitation. Holland v. Holland, 458 So.2d 81 (Fla.5th DCA 1984); Elebash v. Elebash, 450 So.2d 1268 (Fla.5th DCA 1984). In the absence of a record of the final hearing, however, we must presume that the trial judge considered at final hearing the issues raised by George. It is the responsibility of George, the appellant, to provide a record or reconstructed record of the proceedings before the trial court. Where, as here, the correctness of the decision of the trial court depends on the record, the absence of such a record precludes reversal. Carter v. Carter, 504 So.2d 418 (Fla.5th DCA 1987). Affidavits of counsel attached to briefs that recite their impressions of what occurred during proceedings will not be substituted for the record. See Fla.R.App.P. 9.200(a)(3), 9.200(b)(4).
We note from the record that did reach us that the trial court has considered the issue of custody and has taken steps to protect the child from both parents by appointing a guardian ad litem. Also, the trial court had not yet entered an order as *417 to child support as of September 19, 1990, the last document in the record before us.
AFFIRMED.
W. SHARP, J., concurs.
HARRIS, J., dissents with opinion.
HARRIS, Judge, dissenting.
I respectfully dissent. I urge that even if a properly executed custody agreement not procured by fraud or overreaching is presented to the court, if allegations of unfitness of the custodial parent are brought to the attention of the court, the judge should conduct a hearing to determine the best interest of the child. The trial court's reliance on Casto v. Casto, 508 So.2d 330 (Fla. 1987) is inappropriate.
I disagree that the record precludes relief. The judge's error is not one of fact but one of law. The judge held that Casto precludes relief from a postnuptial agreement concerning child custody even if the mother is shown to be unfit. If the court had taken testimony on the point, as presumed by the majority, and found that the wife was in fact a fit mother, then reliance on Casto would have been unnecessary. The fact that the court  after appeal  on a subsequent motion decided to appoint a guardian ad litem to protect the child is further indication that no earlier testimony on the fitness of the mother was received.
To affirm the judgment on the basis of presumed testimony is not in the best interest of the child.