599 So.2d 218 (1992)
Stephen LANE, Appellant,
v.
Julie LANE, Appellee.
No. 91-1828.
District Court of Appeal of Florida, Fourth District.
May 13, 1992.
*219 Gerald V. Walsh of Gerald V. Walsh, P.A., Coral Springs, for appellant.
Jerald A. Goldstein of Goldstein & Saturn, Boca Raton, for appellee.
FEDER, RICHARD Y., Associate Judge.
Appellant-father appeals a judgment limiting his telephone contact with his son, restricting his visitation to supervised and otherwise domesticating a Michigan divorce decree which granted "reasonable" visitation.
The parties agreed at mediation to be bound by a psychologist's opinion as to supervised versus unsupervised visitation. That opinion (despite a failure to interview the child) and a second opinion of another psychologist both favored un supervised. The court refused to accept the mediation agreement and also rejected both psychologists' opinions. The court weighed the father's pre-dissolution Michigan convictions for child molestation and shoplifting, as well as a recent head injury and continued sequelae.
It is undisputed, and should be indisputable, that a trial court's responsibility to the child cannot be abdicated to any parent, any expert. That heavy responsibility mandates that a court is not bound by any agreement between parents, nor by the opinions of any expert or group of experts. See Sedell v. Sedell, 100 So.2d 639 (Fla. 1st DCA 1958); Bolton v. Gordon, 201 So.2d 754 (Fla. 4th DCA 1967). Nor can this court substitute its opinion for that of the trier of fact. Adams v. Adams, 376 So.2d 1204 (Fla. 3d DCA 1979), cert. denied, 388 So.2d 1109 (Fla. 1980); Smith v. Smith, 55 So.2d 735 (Fla. 1951).
However, the rationale for such rule is the ability of the trial judge to observe the demeanor and personalities of the parties and witnesses, to discern delicate vibrations and hidden influences, and to interpret nuances that are invisible in a cold record. Custody and visitation are too important to both the child and parents to restrict a determination to a reading of unemotional and dispassionate words on a printed page.
In this case, the trial judge had no faces to read, no demeanor to evaluate, no searchlight of cross-examination to illuminate truth. The court had the printed reports of the experts and a novel time saver of some 14 pages of a "proffer" of stating the position of each parent. No hearing was held, where each side could present favorable evidence and refute the unfavorable. Without such opportunity, regardless of its "time consumption," there has been a deprivation of due process.
The matter is, therefore, reversed and remanded for an evidentiary hearing to determine what visitation is in the best interest of the child.
WARNER and POLEN, JJ., concur.