674 So.2d 937 (1996)
Leslie FELICIANO, Appellant,
v.
Diego FELICIANO, Appellee.
No. 95-0648.
District Court of Appeal of Florida, Fourth District.
June 12, 1996.
David S. Zimble and Jeanette Hernandez, Zimble, Formoso-Murias, P.A., Miami, for appellant.
Tracy B. Newmark and August Frank La Rocco, Fixel & La Rocco, Hollywood, for appellee.
PER CURIAM.
After the parties signed an agreement reached through the mediation process, the wife moved to set it aside prior to its being incorporated in a dissolution judgment. Among other things, she contended that the amount of child support she had agreed to and the visitation provision were not in the best interests of their two-year-old triplets. At an evidentiary hearing, the trial court refused to admit evidence relevant to the child support and visitation, concluding that those portions of the mediation agreement were subject to the same enforceability test as the alimony and marital property provisions. See Casto v. Casto, 508 So.2d 330 (Fla.1987).
Casto, however, is not dispositive on child support, custody, and visitation, and a trial court may still set an agreement aside in regard to those issues if the agreement is not in the best interest of the children. Lane v. Lane, 599 So.2d 218 (Fla. 4th DCA 1992); Kennedy v. Kennedy, 583 So.2d 415 (Fla. 5th DCA 1991).
We therefore reverse for the issues of child support and visitation to be reconsidered after the trial court admits evidence relevant to the best interests of the children, which was erroneously excluded in the evidentiary hearing.
GUNTHER, C.J., and GLICKSTEIN and KLEIN, JJ., concur.