KHOUZAM, Judge.
 

 Iralett Sha’ron Douglas, the Mother, appeals the January 14, 2011, order requiring her to immediately return her son, a minor child, to the custody of Doyle Dawana Johnson, the Father, in Tampa, Florida. The circuit court entered this nonfinal order after the Father filed a motion for emergency order requiring the child to be returned from Tennessee to Florida. We must reverse and remand for a full eviden-tiary hearing because the Mother was denied procedural due process — the circuit court did not give her the opportunity to raise and develop the issue of lack of subject matter jurisdiction.
 

 On December 21, 2010, the Father filed a “petition to establish time sharing and support of minor child,” a Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) affidavit, and a “motion for emergency order requiring the child be returned to Hillsborough County, Tampa, Florida.” The petition stated that the child was born in Tampa on October 6, 2005, and had continuously resided there with the paternal grandparents since birth. The parents were married but did not live together — the Mother lived in Tennessee and the Father intended to continue living in Tampa with the child and grandparents. The Father requested sole parental responsibility and primary time sharing.
 

 The Father’s motion for emergency order alleged that the Mother and maternal grandmother had secretly taken the child away from his home in Tampa and brought him to Tennessee. The Father requested that the court enter an emergency order requiring the Mother to return the child to Tampa and to the temporary custody of the Father until a hearing regarding time sharing could be held. On December 22, 2010, the circuit court found that the Father’s motion was not an emergency. But then on January 3, 2011, after the Father
 
 *607
 
 had filed a motion for reconsideration, the court entered an emergency order requiring the child be returned to the Father in Tampa and setting a hearing for January 14.
 

 The Mother filed a “motion to strike all pleadings and dismiss case.” First, she argued that the circuit court lacked jurisdiction because she filed a “petition to set support” in Tennessee on September 20, 2010. She also alleged that the child had lived in Tennessee with her since January 6, 2009; that both sets of grandparents had cared for the child in Tampa; and that it was understood that the child was just visiting the grandparents until the parents reconciled. Ultimately, the Mother requested that the court strike the Father’s pleadings and dismiss the case so that it could be resolved in Tennessee.
 

 At the January 14 hearing, the judge stated that each side would have ten minutes because he was in the middle of a trial and was dealing with two other emergencies. The Mother’s counsel advised the court that she had just been retained on January 9 and that the Mother was available by phone although it had not been arranged. The maternal grandmother was also available to testify.
 

 The Father called several witnesses to establish that the child attended a prekindergarten program, received medical treatment, and lived with the grandparents in Tampa. The parties briefly presented arguments. But the court did not allow the Mother’s counsel to present witnesses. The judge stated that the facts that the child lived in Florida and attended school here were “undisputed” and “unassailable.” The Mother’s counsel requested to put on witnesses to show that the child had been living in Tennessee with the parents and had merely been visiting both sets of grandparents in Florida. She also asked for more time for the Mother to hire counsel in Florida. The court denied both requests, telling the Mother’s counsel that her “argument [did] not fly” and that the case was “just black and white.” The court told the Mother’s counsel that she could put on witnesses if they could dispute the fact that the child attended prekindergarten in Florida: “[C]all somebody, and the only word I want to hear is that this principal [who testified that the child attended prekindergarten in Florida] is a liar. That is the only testimony that I want.” Ultimately, the court entered an order requiring the Mother to return the child to Florida to the temporary custody of the Father.
 

 We review the question of whether a party was denied the opportunity to be heard for an abuse of discretion.
 
 See Smith v. Smith,
 
 964 So.2d 217, 218 (Fla. 2d DCA 2007). Section 61.518, Florida Statutes (2010), provides that “[b]efore a child custody determination is made under this part, notice and an opportunity to be heard ... must be given to all persons entitled to notice.” When a court fails to give one party the opportunity to present witnesses or testify on his or her own behalf, the court has violated that party’s fundamental right to procedural due process.
 
 L.C. v. A.M.C.,
 
 2011 WL 1775891 (Fla. 2d DCA 2011) (addressing a domestic violence injunction);
 
 Smith,
 
 964 So.2d at 219 (addressing a domestic violence injunction);
 
 Smith v. Crider,
 
 932 So.2d 393, 398 (Fla. 2d DCA 2006) (addressing a temporary custody modification). Here, the trial court abused its discretion by denying the Mother an opportunity to present witnesses or evidence at the hearing. The Mother’s right to procedural due process was violated. Accordingly, we must reverse and remand for a full evidentiary hearing where the Mother is given the
 
 *608
 
 opportunity to raise and develop the issue of lack of jurisdiction.
 

 Reversed and remanded.
 

 NORTHCUTT and WALLACE, JJ., Concur.