PER CURIAM.
 

 Jason F. Sparks appeals an order, entered in a dissolution proceeding, which awards custody of a minor child pursuant to a marital settlement agreement. Because the trial court would not permit appellant Sparks, the father, to present evidence as to whether an award of custody pursuant to the agreement was in the best interests of the child, we reverse and remand for further proceedings.
 

 After a brief marriage, Jason Sparks and Jennifer Sparks, appellee, decided to separate and, in furtherance of this decision, executed a marital settlement agreement without the assistance of counsel. By this agreement, the parties agreed upon joint custody of their minor child and set forth a schedule of rotating physical custody.
 

 The father, still proceeding without counsel, petitioned for dissolution of marriage. By this petition, he sought sole custody of the minor child; he made no mention of the marital settlement agreement. In her answer and counter-petition, the mother alleged that custody and visitation should be awarded pursuant to the agreement. She then moved for a partial summary judgment on the issue of custody, citing the agreement as the ground for such a judgment.
 

 The trial court denied the motion for partial summary judgment and reserved “the right to evaluate a previously executed marital settlement agreement to determine if said agreement is in the best interests of the minor child, which is to be determined after an evidentiary hearing.” At the subsequent hearing, however, the trial court announced, over the objection of the father, that it was limiting its inquiry to the issues of whether the settlement
 
 *862
 
 agreement was a product of fraud or duress and whether the custody and visitation provisions of the agreement were facially unreasonable. Because the father had not formally moved to set aside the marital settlement agreement, the father would be bound by that agreement absent a finding of fraud, duress or unreasonableness. Finding none of these things, the trial court incorporated the marital settlement agreement in its amended final judgment. It also adopted the parenting plan submitted by the mother, a plan which, contrary to the agreement, did not allow for liberal rotation of physical custody.
 

 As indicated, the trial court erred in not considering whether the agreement is in the best interests of the child. Section 61.13(2)(c), Florida Statutes (2010), unequivocally provides that a trial court is required in a proceeding initiated under that chapter to “determine all matters relating to parenting and time-sharing of each minor child of the parties in accordance with the best interests of the child and in accordance with the Uniform Child Custody Jurisdiction and Enforcement Act.” There is no stated exception to this requirement.
 

 “It is undisputed, and should be indisputable, that a trial court’s responsibility to the child cannot be abdicated to any parent, any expert. That heavy responsibility mandates that a court is not bound by any agreement between parents, nor by the opinions of any experts or group of experts.”
 
 Lane v. Lane,
 
 599 So.2d 218, 219 (Fla. 4th DCA 1992);
 
 see Feliciano v. Feliciano,
 
 674 So.2d 937 (Fla. 4th DCA 1996) (confirming that a trial court is not bound by an agreement regarding child support, custody, and visitation where it determines that it is not in the best interests of the children). As noted by the reviewing court in
 
 Jones v. Jones,
 
 674 So.2d 770, 774 (Fla. 5th DCA 1996), the “best interests of the children are to govern the custody decision, regardless of any stipulation between the parties.”
 

 By his dissolution petition and his affidavit in opposition to partial summary judgment, the father clearly advised the trial court that he sought a custody award without regard to the previous settlement agreement. Further, in his affidavit the father asserted that shared custody of the child with the mother was certainly not in the best interest of the child given certain averments. Because section 61.13(2)(c) requires a trial court to determine all parenting issues in accordance with the best interests of child, and because the father asserted below that the child custody and visitation provisions of the settlement agreement are not in the best interests of the child, the trial court erred in denying an evidentiary hearing on the issues of custody and visitation.
 
 See Jones v. Jones,
 
 674 So.2d at 774 (holding that when a parent asserts that an agreement is not in the best interests of a child, the trial court must hold an evidentiary hearing). Accordingly, we REVERSE and REMAND for proceedings consistent with this opinion.
 

 DAVIS, VAN NORTWICK, and THOMAS, JJ., concur.