ORFINGER, C.J.
Trang Ngoan Le, the former wife, appeals a final judgment of dissolution of marriage that incorporated the provisions of a marital settlement agreement (MSA) and parenting plan entered into with Tung Phuong Nguyen, the former husband. On appeal, the former wife argues that the court should have set aside the MSA and parenting plan. We affirm in all respects, except as to the parenting plan.
The parties were married in 2004 and have two minor children. In January 2010, the former wife filed a pro se petition for dissolution of the parties’ marriage. Simultaneously, she filed the parties’ executed financial affidavits, as well the MSA and a parenting plan in which they waived spousal support, agreed on the distribution of marital assets, and provided that they would share time with the two children equally, on a rotating weekly basis, and thus, waived child support.[1]
Prior to entry of the final judgment, the former wife filed a motion to set aside the MSA and parenting plan, alleging that the MSA was invalid and unenforceable because (1) it was reached based on fraud and misrepresentation; (2) it was unfair and grossly unreasonable; and (3) the former husband did not accurately disclose his income and assets. As to the parenting plan, the former wife alleged that it *601 was no longer in the children’s best interests to reside with the former husband every other week because he has an anger management problem and has been physically abusive to her in the children’s presence. She further claimed that the children fear that the former husband could be physically abusive toward them. We affirm, without discussion, the trial court’s refusal to set aside the MSA, except as it relates to the parenting plan for the minor children.
The former wife correctly contends that the trial court erred by not considering whether the parenting plan was in the children’s best interests, and instead, requiring that she meet the high burden of proving a substantial change of circumstances. A court is not bound by an agreement of parents regarding child support, custody, or visitation. Higgins v. Higgins, 945 So.2d 593, 596 (Fla. 2d DCA 2006). As our sister court stated: “[i]t is undisputed, and should be indisputable, that a trial court’s responsibility to the child cannot be abdicated to any parent, any expert. That heavy responsibility mandates that a court is not bound by any agreement between parents, nor by the opinions of any expert or group of experts.” Lane v. Lane, 599 So.2d 218, 219 (Fla. 4th DCA 1992); see Feliciano v. Feliciano, 674 So.2d 937 (Fla. 4th DCA 1996) (confirming that trial court is not bound by agreement regarding child support, custody, and visitation where it determines that it is not in best interests of children). Instead, the trial court is required to “determine all matters relating to parenting and time-sharing of each minor child of the parties in accordance with the best interests of the child -” § 61.1S(2)(c), Fla. Stat. (2010); see Jones v. Jones, 674 So.2d 770, 774 (Fla. 5th DCA 1996) (reiterating that “best interests of the children are to govern the custody decision, regardless of any stipulation between the parties”).
The former wife sought to set aside the parenting plan before it was incorporated into the final judgment. Consequently, she was not required to demonstrate a substantial change in circumstances, which is the standard required when seeking to modify a final judgment. See, e.g., Lewandowski v. Langston, 969 So.2d 1165, 1169 (Fla. 5th DCA 2007) (explaining that when party seeks to modify final judgment of dissolution of marriage to change custody of child, that party bears burden of establishing existence of substantial and material change in circumstances since entry of final judgment, and that change in custody will be in best interests of child).
For these reasons, we reverse the final judgment in part, and remand for an evi-dentiary hearing on the issue of the parenting plan and related child support. See Jones, 674 So.2d at 774 (holding that when parent asserts that agreement is not in best interests of child, trial court must hold evidentiary hearing).
AFFIRMED in part; REVERSED in part; and REMANDED.
GRIFFIN and EVANDER, JJ., concur.

. The parties prepared their own documents with the assistance of a paralegal.