BERGER, J.
Former husband, Robert Puglisi, appeals a final judgment awarding section 57.105 fees to the former wife. We reverse.
The current fee award was prompted by cross-motions filed by the parties in 2007 to modify the custody and visitation provisions contained in a final judgment of dissolution dated April 11, 2000. The case was settled immediately prior to the final hearing and the parties orally stipulated to the terms of their agreement on the record in the presence of the judge. The former husband later refused to agree to entry of a final written judgment incorporating these same terms, and filed a motion asking that the oral agreement be set aside and the case proceed to final hearing on grounds that the agreement was not in the best interests of his children. This request was ultimately denied and final judgment was entered in accordance with the stipulated settlement. Thereafter, the former wife asked for and was awarded section 57.105 fees, on the basis there was no justiciable issue of either law or fact in the former husband’s request to set aside the stipulated oral settlement. On the facts of this case, we hold it was error to grant the fees.
Section 57.105, Florida Statutes (2011), authorizes sanctions in the form of attorney’s fees and other expenses if a trial court determines the party or the party’s attorney knew or should have known at the time a claim or defense was presented that the claim or defense “[w]as not supported by the material facts necessary to establish the claim or defense” or “[w]ould not be supported by the application of then-existing law to those material facts.” § 57.105(l)(a)-(b), Fla. Stat. (2011). The purpose of the statute is to “deter meritless filings and thus streamline the administration and procedure of the courts.” Mullins v. Kennelly, 847 So.2d 1151, 1154 (Fla. 5th DCA 2008). The standard of review of a trial court’s order awarding section 57.105(1) attorney’s fees is an abuse of discretion. Lago v. Kame By Design, LLC, 120 So.3d 73, 74 (Fla. 4th DCA 2013); Scott v. Busch, 907 So.2d 662, 665 (Fla. 5th DCA 2005). That is, this Court looks to see if the trial court abused its discretion in finding no justiciable issues of fact or law. Yakavonis v. Dolphin Petroleum, Inc., 934 So.2d 615, 617 (Fla. 4th DCA 2006). “The trial court’s finding must be based upon substantial competent evidence presented to the court at the hearing on attorney’s fees or otherwise before the court and in the trial court record.” Weatherby Assocs., Inc. v. Ballack, 783 So.2d 1138, 1141 (Fla. 4th DCA 2001).
*1148 This case involved a stipulated settlement of the partys’ cross-petitions for modification of custody and visitation. In the usual case, this oral settlement would be considered binding and enforceable in accordance with contract principles, meaning it would be enforceable in the absence of allegations of fraud, deceit, duress, coercion or mutual mistake warranting rescission. See, e.g., Dowie v. Dowie, 668 So.2d 290, 292 (Fla. 1st DCA 1996) (“[A]n oral agreement reached by the parties and announced to the trial court is a fully enforceable settlement agreement.”); Roskind v. Roskind, 552 So.2d 1155, 1156 (Fla. 3d DCA 1989) (enforcing oral settlement stipulation entered into the record, to which wife affirmed her understanding and unequivocally agreed). However, this case involves child custody and visitation issues, which are always subject to the overriding concern of the children’s best interests.
It is well recognized that “[a] court is not bound by an agreement of parents regarding child support, custody, or visitation.” Trang Ngoan Le v. Tung Phuong Nguyen, 98 So.3d 600, 601 (Fla. 5th DCA 2012); see also Lane v. Lane, 599 So.2d 218, 219 (Fla. 4th DCA 1992) (“It is undisputed, and should be indisputable, that a trial court’s responsibility to the child cannot be abdicated to any parent, any expert. That heavy responsibility mandates that a court is not bound by any agreement between parents, nor by the opinions of any expert or group of experts.”). The “best interests” of the child takes predominance over any agreement between the parents and must be independently determined by the trial court. See Feliciano v. Feliciano, 674 So.2d 937 (Fla. 4th DCA 1996) (confirming that trial court is not bound by agreement regarding child support, custody and visitation where it determines that is not in best interests of children); Jones v. Jones, 674 So.2d 770, 774 (Fla. 5th DCA 1996) (reiterating that “best interests of the children are to govern custody decision, regardless of any stipulation between the parties”).
In Jones, this Court remanded for an evidentiary hearing on the children’s best interests where the father moved to set aside a custody stipulation prior to entry of final judgment. This Court explained:
Because the father had, prior to the final hearing, moved the court to set aside the parties’ custody stipulation and the temporary order, the court had an obligation at the final hearing to determine the best interests of the children. Although the court initially approved the agreement, it should have allowed the father to proceed to hearing pre-judgment on his motion to modify the agreement to insure that the children’s best interests were being met. The court’s refusal to do so placed the father in the posture of being a post-judgment mov-ant for modification with the concomitant burden of having to show a substantial change of circumstances in order to prevail. Consequently, the father was prejudiced by having a greater burden than he should otherwise have had. Where a party to an agreement moved to set aside the agreement prior to rendition of the final judgment based on factors showing that the best interests of the children are not met by the agreed-upon arrangement, the court must hold an evidentiary hearing to settle the issue. The best interests of the children are to govern the custody decision, regardless of any stipulation between the parties. See Kennedy v. Kennedy, 583 So.2d 415 (Fla. 5th DCA 1991); Holland v. Holland, 458 So.2d 81 (Fla. 5th DCA 1984); Elebash v. Elebash, 450 So.2d 1268 (Fla. 5th DCA 1984).
Id. at 773-74; see also Wayno v. Wayno, 756 So.2d 1024, 1025 (Fla. 5th DCA 2000) (trial court was not bound to accept a *1149 court-approved mediated settlement on the issue of child custody and child support).
Although section 57.105 fees have been awarded where there has been an unjustified refusal to honor the terms of a marital settlement agreement, see Koch v. Koch, 47 So.3d 320 (Fla. 2d DCA 2010), we cannot conclude that former husband’s attempt to set aside the custody agreement prior to issuance of the final judgment, on the basis that the trial court had an independent obligation to determine the children’s “best interests” and repudiate the “preliminary” agreement to the extent it was inconsistent with this standard, warrants such an award. To uphold the award we must determine that the finality of the court-approved oral settlement in this case was so clear that former husband’s attempt to set it aside was the equivalent of bad faith — e.g., it was completely without merit in law and could not be found to be supported by any reasonable argument for an extension, modification or reversal of existing law. See Yakavonis, 934 So.2d at 619 (discussing guidelines for determining when action is frivolous). These standards were not met, requiring that we reverse the award.[1]
REVERSED.
SAWAYA and EVANDER, JJ„ concur.

. Notably, this is not a case in which the parties agreed that the transcript itself would serve as the final order. It was clear at the hearing that a written order was to be prepared and further, that the judge never addressed the “best interests” issues.