# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1490
_____

MARY WILLIAMS, Former Wife,

    Appellant,

    v.

RONALD H. SAPP, Former
Husband,

    Appellee.

_____

On appeal from the Circuit Court for Baker County.
Stanley H. Griffis, III, Judge.

May 31, 2018


M.K. THOMAS, J.


Appellant, the former wife, appeals a Consent Final Judgment for Dissolution of Marriage and the denial of her Motion for Rehearing. She asserts reversible error claiming the trial court, through its *sua sponte* modification of the parties' mediation settlement agreement without providing her notice and the opportunity to be heard, violated her due process rights. We agree and reverse and remand for further proceedings.

Following years of protracted litigation in this family law matter, the parties attended court-ordered mediation on January 11, 2017. After mediating for nine hours, the parties reached a successful resolution of all issues and generated a sixteen-page document setting forth the negotiated terms, including, but not

limited to, time-sharing, parental responsibility, child support, asset distribution, insurance, tax exemptions, and attorney's fees and costs. The parties meticulously initialed and executed all pages of the agreement. The court-appointed mediator and parties filed the executed settlement agreement, entitled "Consent Final Judgment for Dissolution of Marriage," with the trial court. The mediator also filed a notice advising the trial court of an agreement reached for "total resolution."

The trial court had previously scheduled and noticed a "[f]ive-minute" status conference to occur the day after mediation. Following mediation and before the status conference, the former wife filed a waiver in which she: (1) stated that the parties had reached a complete resolution and requested the trial court to enter a final order in conformance with the Consent Final Judgment as executed by the parties the previous day; (2) "waive[d] notice of any and all hearings, waive[d] the formal setting of this cause for final hearing, and waive[d] the necessity of the Court entering an order Setting the Cause for Trial"; and (3) requested to be provided "Notice of the Final Hearing."

Neither the former wife nor her attorney attended the status conference. Counsel for the former husband appeared and purportedly presented the executed mediation agreement to the trial court (in the form of a Consent Final Judgment for Dissolution of Marriage) and requested approval. Scheduled as a status conference, the event was not recorded. The trial judge did not approve the executed settlement agreement reached at mediation, but instead initiated a *sua sponte* reworking of the agreement – striking through provisions, inserting handwritten amendments, and initialing the edits. The modifications directly contradicted the parties' mediation agreement by granting shared parental responsibility, rather than sole parental responsibility to the former wife, and providing the former husband a tax exemption for one of the minor children, instead of tax exemptions to the former wife for both children. The trial court then entered the final order approving its altered version of the Consent Final Judgment.

Upon receipt of the Final Judgment and realization that it no longer reflected the terms negotiated and memorialized by the

2

parties at mediation, the former wife timely filed a Motion for Rehearing. She asserted the trial court erred in modifying the agreement without notice and consent of the parties and requested a hearing on the matter. The trial court denied the motion on the sole basis that "[t]he wife and counsel failed to attend the trial."

On appeal, the former wife claims reversible error as a result of the trial court's *sua sponte* modification of the Consent Final Judgment without notice and an opportunity to be heard, a violation of procedural due process. Furthermore, she argues the trial court abused its discretion by denying her Motion for Rehearing on the basis that she failed to attend trial when no trial had been set or noticed for that day. Both arguments are meritorious.

Appellate courts review possible due process violations in family law cases *de novo. Dep't of Revenue ex rel. Thorman v. Holley*, 86 So. 3d 1199, 1204 (Fla. 1st DCA 2012). Denials of motions for rehearing are reviewed for abuse of discretion. *Trammell v. Ward*, 667 So. 2d 223, 226 (Fla. 1st DCA 1995).

Upon the trial court's determination that it would not approve (without acquisition or contemplation of additional evidence) the settlement agreement as presented by the parties, the trial court should have terminated the status conference and noticed the cause for an evidentiary hearing. "Blindsiding a party by announcing on the day of the hearing that the court will entertain evidence at a hearing not noticed as an evidentiary hearing is the epitome of a due process violation." *Messing v. Nieradka*, 230 So. 3d 962, (Fla. 2d DCA 2017) (citing *Jackson v. Leon Cty. Elections Canvassing Bd.*, 204 So. 3d 571, 578 (Fla. 1st DCA 2016)). "'[T]he opportunity to be heard at an evidentiary hearing requires time to secure the attendance of witnesses and to prepare for the presentation of evidence and argument.'" *Jackson*, 204 So. 3d at 578 (quoting *Crepage v. City of Lauderhill*, 774 So. 2d 61, 65 (Fla. 4th DCA 2000)). Here, the trial court not only failed to provide the former wife with requisite notice of an evidentiary hearing, but then proceeded, in her absence, to perform an unsolicited redraft of the executed mediation settlement agreement.

In asserting the trial court erred by not honoring the mediation agreement of the parties, the former wife does not contest the general rule in Florida that settlement provisions concerning child support, custody, and visitation must be reviewed and approved by the trial court as being in the best interest of the children. *Griffith v. Griffith*, 860 So. 2d 1069, 1071 (Fla. 1st DCA 2003) (citing *Feliciano v. Feliciano*, 674 So. 2d 937 (Fla. 4th DCA 1996)). Instead, she correctly claims such discretion does not provide a trial judge with "virtually free hand to set aside the settlement agreement because the parties had minor children . . ." *Id*. at 1073.

We do not address the sufficiency of evidence to support the trial court's rejection and modification of the mediation agreement; we note only that the rejection and *sua sponte* modification by the trial court of the parties' mediation agreement in this case should not have occurred in the absence of the former wife being given appropriate notice and an opportunity to be heard at a properly scheduled evidentiary hearing. The trial court's denial of the former wife's request for rehearing, on the basis she "failed to attend" a trial that was never scheduled or noticed, constitutes an abuse of discretion.

On remand, the trial court must either approve the marital settlement agreement as negotiated by the parties or, if unable or unwilling to do so, conduct a properly noticed evidentiary hearing. The remaining claims of Appellant are hereby denied without further comment.

For the aforementioned reasons, the Consent Final Judgment for Dissolution of Marriage is reversed, and the cause remanded to the trial court for further action as described herein.

JAY and WINSOR, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

Michael M. Giel of Giel Family Law, P.A., Jacksonville, for Appellant.

Ronald H. Sapp, pro se, Appellee.