# Third District Court of Appeal

## State of Florida

Opinion filed August 8, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1006
Lower Tribunal No. 09-34711
_____

**Jose Munoz,**
Petitioner,

vs.

**Carmenza Munoz Salgado,**
Respondent.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Marcia Del Rey, Judge.

Sandy T. Fox, P.A., and Sandy T. Fox, for petitioner.

No appearance for respondent.


Before ROTHENBERG, C.J., and SALTER and LOGUE, JJ.

ROTHENBERG, C.J.

Jose Munoz ("the father") petitions this Court for the issuance of a writ of certiorari quashing the trial court's orders granting a verified emergency motion to modify timesharing filed by Carmenza Munoz Salgado ("the mother"). For the reasons that follow, we grant the petition.

On April 13, 2018, a hearing was held on the mother's emergency motion to modify the timesharing plan that was established when the marriage was dissolved in 2010. During the hearing, the mother was permitted to testify and to call as a witness the guardian ad litem for the parents' minor child. Shortly after 5:00 p.m., the trial court halted the proceedings because the time allotted for the hearing had expired. The trial court denied the father's motion to continue the hearing and did not permit the father, who appeared pro se, to finish his cross-examination of the mother, testify, or present evidence, and instead, the trial court ruled that it was granting the mother's emergency motion to modify timesharing.

Because the trial court modified timesharing without giving the father a meaningful opportunity to be heard, the trial court violated the father's right to due process of law. Wolfson v. Wolfson, 173 So. 3d 1136, 1138 (Fla. 3d DCA 2015), clarified, 173 So. 3d 1146 (Fla. 3d DCA 2015) (granting a petition for writ of certiorari where the trial court entered an order modifying a parenting plan without holding a full hearing where both parties are given an opportunity to present evidence and testify); Cole v. Cole, 159 So. 3d 124, 125-26 (Fla. 3d DCA 2013),

2

as corrected (Dec. 18, 2013) ("The right to be heard at an evidentiary hearing includes more than simply being allowed to be present and to speak. Instead, the right to be heard includes the right to introduce evidence at a meaningful time and in a meaningful manner.") (internal quotation and alteration omitted).

Although we are mindful that trial courts may, under certain facts, enter a temporary modification of timesharing without holding a full hearing during which both sides are given an opportunity to present evidence, such circumstances are typically limited to cases, for example, where there is a risk of physical harm to the child or where the child is about to be improperly removed from the state. Wolfson, 173 So. 3d at 1138 ("Generally, both parties must be given notice and opportunity to be heard on the matter prior to any modification, unless there is an actual, demonstrated emergency situation, 'such as where a child is threatened with physical harm or is about to be improperly removed from the state.'") (quoting Smith v. Crider, 932 So. 2d 393, 398 (Fla. 2d DCA 2006)). However, "[e]ven in such instances, every reasonable effort should be made to ensure both parties have an opportunity to be heard." Wolfson, 173 So. 3d at 1138 (internal quotation omitted).

The alleged emergency before the trial court, which was contested by the father, was that the parties' minor child would face a longer commute to school and might be forced to take public transit, which could negatively impact the minor

3

child's mental health and performance in school. This concern, while important for the trial court to consider, does not present the kind of emergency situation that would allow the trial court to deny the father a meaningful opportunity to be heard. We therefore grant the petition for writ of certiorari and remand to the trial court with instructions to hold a hearing that affords both the mother and the father a meaningful opportunity to be heard. We express no opinion on the merits of the mother's verified emergency motion to modify timesharing.

Petition granted; orders quashed; remanded for further proceedings.