DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHELE PAGLIARO**,
Appellant,

v.

**BRENT PAGLIARO**,
Appellee.

No. 4D18-702

[February 6, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Merrilee Ehrlich, Judge; L.T. Case No. 062016DR009832AXXXCE.

Christopher R. Jette of Goldstein & Jette, P.A., West Palm Beach, for appellant.

No appearance for appellee.

KUNTZ, J.

The Former Wife appeals the circuit court's order ratifying the terms and provisions of a mediation agreement. She argues the court erred when it ratified the agreement without allowing her to present testimony and without considering the best interest of the minor child. We agree with both arguments and reverse.

### *Background*

At mediation, the Former Wife and the Former Husband signed an agreement that specifically contemplated additional negotiations and stated:

> The Respondent/Husband's counsel, shall prepare a more formalized global Marital Settlement Agreement and Parenting Plan which outlines the terms and conditions set forth herein. Said Agreements shall be prepared within twenty days of the date of this Agreement. In the event the parties' [sic] are unable or unwilling to execute a more formalized Marital

Settlement Agreement and Parenting Plan, this Agreement shall be incorporated into, ratified and approved by the Court and made a part of the Final Judgment of Dissolution of Marriage.

Later, the Former Wife moved to set aside the mediation agreement. The Former Wife stated that during mediation, the parties agreed that the Minor would reside in Pennsylvania with the Former Wife and with the Former Husband for one week during Christmas break and one week during the summer.

Despite attempts to develop a more detailed timesharing plan, the Former Wife and Former Husband were unable to agree. During this time, the Former Wife discovered that the Former Husband allegedly committed "serious and violent acts against his current significant other," resulting in his arrest and criminal charges of domestic battery by strangulation, false imprisonment, and tampering in a life capital felony proceeding. She argued any unsupervised visitation agreed-to in mediation was no longer in the Minor's best interest.

At the hearing on the Former Wife's motion, the court stated that the allegations against the Former Husband were hearsay and that "criminal charges are just allegations." After being informed that an alleged victim was in the courtroom and prepared to testify about one of the alleged criminal incidents, the court questioned the relevancy of the criminal charges to the Minor. The court then denied the motion:

> Okay. All we have is she's heard that he's been charged. And another party hearsay, you know, has these allegations. They haven't been—Now, we have a lower standard than the criminal court. However, I don't know if your witness, the witness you'd like to bring, has spoken to the State Attorney's office about this before she comes in here, and she may have someone in the State Attorney's office that's a victim's advocate. They may not want her to testify. I don't know if they were noticed of today's hearing.
>
> Under all of these circumstances, I am not going to accept testimony of an allegation that has nothing to do with the minor child.
>
> That being said, the victim is also alleged to be the mother, and they live in separate states, and they entered into a valid contract.

2

I'm denying the motion to set aside.

I haven't heard anything that would lead me to rule otherwise.

The court issued a written order denying the Former Wife's motion and ratifying the mediation agreement.

### *Analysis*

The Former Wife raises two arguments on appeal. First, she argues the court erred when it denied her motion and ratified the mediation agreement without allowing her, or her witness, the opportunity to testify. Second, she argues the court erred when it ratified the mediation agreement, including a timesharing plan for the Minor, without considering the best interests of the Minor.

### i. *Procedural Due Process*

We first consider the Former Wife's argument that she was denied procedural due process. Procedural due process consists of notice and a meaningful opportunity to be heard. *Keys Citizens For Responsible Gov't, Inc. v. Fla. Keys Aqueduct Auth.*, 795 So. 2d 940, 948 (Fla. 2001); *Ferris v. Winn*, 242 So. 3d 509, 510 (Fla. 2d DCA 2018) (citation omitted); *see also Cole v. Cole*, 159 So. 3d 124, 125–26 (Fla. 3d DCA 2013) ("[T]he right to be heard includes the right to introduce evidence at a meaningful time and in a meaningful manner." (internal quotation marks and citation omitted)).

For example, the Third District held that a court erred when it ended a proceeding at the end of one party's presentation of evidence because of time constraints. In *Munoz v. Salgado*, 253 So. 3d 87 (Fla. 3d DCA 2018), a mother moved to modify a timesharing agreement. *Id.* at 88. The court held a hearing and allowed the mother to testify and call a witness. *Id.* But, before the father could introduce evidence, the court ended the hearing because it had exceeded the allotted time. *Id.* The Third District held this violated the father's procedural due process rights and reversed. *Id.*

Similarly, in *Douglas v. Johnson*, 65 So. 3d 605 (Fla. 2d DCA 2011), the father moved for an emergency order alleging the mother and grandmother impermissibly moved the child from Florida to Tennessee. *Id.* at 606. The court held a hearing on the father's motion and heard testimony from him and his other witnesses. *Id.* The court then heard legal argument without allowing the mother to present evidence. *Id.* The Second District held that

3

the court abused its discretion when it prevented the mother from presenting evidence or witnesses at the hearing. *Id.* at 607.

Here, because the court refused the Former Wife's request to testify and to present the testimony of another witness, we reverse for a new hearing at which the court affords the Former Wife the opportunity to present evidence and witnesses.

### ii. The Best Interest of the Minor Child

Next, we address the Former Wife's argument that the court erred when it failed to consider the best interests of the Minor.

While parents may agree about child custody, "a trial court's responsibility to the child cannot be abdicated to any parent, [or] any expert," and "a court is not bound by any agreement between parents, nor by the opinions of any expert or group of experts." *Lane v. Lane*, 599 So. 2d 218, 219 (Fla. 4th DCA 1992) (citing *Sedell v. Sedell*, 100 So. 2d 639 (Fla. 1st DCA 1958); *Bolton v. Gordon*, 201 So. 2d 754 (Fla. 4th DCA 1967)); *see also Trang Ngoan Le v. Tung Phuong Nguyen*, 98 So. 3d 600, 601 (Fla. 5th DCA 2012).

Similarly, in *Wayno v. Wayno*, 756 So. 2d 1024 (Fla. 5th DCA 2000), the Fifth District held that the circuit court did not err when it denied a motion to enforce a mediation agreement, because "it is at least implicit in the rule [governing mediation in family law cases] and certainly the better practice for the judge to not approve either custody or support before being fully informed about the welfare of the children." *Id.* at 1025.

In another case, the mother argued the court erred when it refused to set aside a mediation agreement. *Feliciano v. Feliciano*, 674 So. 2d 937, 937 (Fla. 4th DCA 1996). In denying the motion to set aside the agreement, the circuit court did not admit evidence about the best interest of the children because it believed that those "portions of the mediation agreement were subject to the same enforceability test as the alimony and marital property provisions." *Id.* We reversed and remanded for the court to hold an evidentiary hearing and consider the evidence when determining the best interest of the children. *Id.*

Here, neither the hearing transcript nor the court's order shows the court considered the best interests of the Minor. On remand, even if the court ultimately ratifies the mediation agreement, the court must independently determine whether the agreement about child custody is in the best interest of the Minor.

### *Conclusion*

We reverse the court's order ratifying the mediation agreement and remand the case for a new hearing at which both the Former Wife and the Former Husband are afforded the opportunity to present testimony and evidence. Additionally, any order determining timesharing of the Minor must consider the best interest of the Minor.

*Reversed and remanded.*

WARNER and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***