# Third District Court of Appeal

## State of Florida

Opinion filed February 16, 2022.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D22-0167
Lower Tribunal No. 17-5168

————————

**Wallace Hodge, Jr.,**
Petitioner,

vs.

**Brittany Babcock,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Marcia Del Rey, Judge.

The Law Office of Kelly D. Feig, P.A., and Kelly D. Feig (Hallandale Beach), for petitioner.

Brittany Babcock, in proper person.

Before SCALES, LINDSEY and GORDO, JJ.

PER CURIAM.

Wallace Hodge, Jr. (the Father) petitions this Court for a writ of certiorari to quash a January 27, 2022 order of the trial court that required the Father to return the parties' minor child to Brittany Babcock (the Mother). Because the trial court violated the Father's right of due process at the hearing that produced this order, we grant certiorari and quash the order.

## I.      Relevant Background

Father and Mother are the unmarried parents of a son born in 2013. In March 2017, the Father filed a Petition to Determine Paternity and for Related Relief, which, among other things, sought the establishment of a timesharing plan. The Mother responded by absconding with the child to Pennsylvania. On November 1, 2017, the trial court entered an order finding paternity, finding that the Mother violated section 61.13 of the Florida Statutes when she removed the child from Florida, and reserving jurisdiction as to timesharing.

After about four years of not knowing the exact whereabouts of his son, the Father located him and, on November 10, 2021, filed an Emergency Verified Motion for Child Pick-up Order. A general magistrate heard the motion on December 21, 2021, and in a recommended order granted the Father's motion, authorizing that physical custody of the minor child be returned to the Father within the jurisdiction of the Florida court. The trial

court ratified this recommended order on January 3, 2022. Shortly thereafter, the Father retrieved the child in Pennsylvania and returned the child to Florida where he now resides with the Father.

On January 15, 2022, upon reading on social media that the Mother was en route to Florida to retrieve the child, the Father filed an Emergency Ex-Parte Verified Motion for Temporary Injunction and Other Orders, seeking to temporarily enjoin the Mother from removing the child from Florida and, due to alleged imminent danger to the child, to prohibit contact between the Mother and the child. The trial court set the Father's emergency injunction motion for hearing on January 26, 2022. It appears that the Father came to court on January 26, 2022, expecting a one-hour evidentiary hearing on his motion, but instead found that his injunction motion had been set on the trial court's five-minute motions calendar. At this hearing, in which both parties appeared remotely via Zoom, the trial court, rather than adjudicating the Father's injunction motion, expressed frustration that no timesharing order had been entered, *sua sponte* ordered the child returned to the Mother, and allowed the Mother to take the child back to Pennsylvania.

The following day, the trial court entered the challenged January 27, 2022 order that required the Father to return the child to the Mother by 5 p.m.

on January 27th. The Father filed the instant petition and we stayed the trial court's order pending our certiorari review.

## II.   Analysis

After retrieving the child pursuant to the trial court's pickup order, the Father had temporary custody of his son by virtue of the pickup order. The Father then sought a temporary injunction to stop the Mother's threatened removal of the child to Pennsylvania again, and that injunction motion was set for hearing on January 26th. The Father had not been provided any prior notice that, at the January 26th hearing, the trial court would temporarily change the child's custody.

By *sua sponte* ordering the child returned to the Mother, the trial court abruptly changed the temporary custody of the minor child without adequate notice to the Father, depriving the Father of due process. Loudermilk v. Loudermilk, 693 So. 2d 666, 668 (Fla. 2d DCA 1997). To modify temporary custody, "the trial court was required to conduct an evidentiary hearing preceded by appropriate notice." Foreman v. James, 305 So. 3d 656, 656 (Fla. 3d DCA 2020). The trial court was also required to give the Father a meaningful opportunity to be heard. Munoz v. Salgado, 253 So. 3d 87, 88 (Fla. 3d DCA 2018). These essential requirements of law were not afforded to the Father, and therefore, the challenged order constitutes a deprivation

4

of due process, entitling the Father to certiorari relief. <u>Lopez v. Frometa</u>, 321 So. 3d 916, 917 (Fla. 3d DCA 2021).

Petition granted; order quashed.[1]

---

[1] We express no opinion on the merits of the Father's emergency motion for temporary injunction.