# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

MIREILLE ANAHI VARGAS BURGOS,

Appellant,

v.

MARY BURGOS VARGAS and MARTIN GREGORY SEQUEIRA,

Appellees.

No. 2D2024-0385

_____

October 16, 2024

Appeal from the Circuit Court for Hillsborough County; Robert A. Bauman, Judge.

Kerya L. Koeut of Law Office of Kerya L. Koeut, P.A., St. Petersburg; and Allison M. Perry of Florida Appeals, P.A., Tampa, for Appellant.

Mary Burgos Vargas, pro se.

Martin Gregory Sequeira, pro se.

SMITH, Judge.

Mireille Burgos, the aunt who was awarded temporary custody of the minor child subject to the underlying custody dispute brought pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), challenges on due process grounds a sua sponte order issued by the trial court that relinquished jurisdiction to a North

Carolina court which exercised emergency jurisdiction over the same matter after the Aunt was awarded temporary custody. Because the Aunt—as a party—was entitled to notice and an opportunity to be heard before the trial court relinquished jurisdiction to the North Carolina court, we reverse and remand with instructions.

I.

On November 29, 2023, the Aunt, with the consent of both the child's parents, filed a Petition for Temporary Custody of the minor child. The Aunt was awarded temporary custody of the child pursuant to chapter 751, Florida Statutes, on January 16, 2024, and the trial court's Order Granting Petition for Temporary Custody by a Relative following a January 9, 2024, hearing on the Aunt's petition. In the January 16, 2024, order, the trial court made a number of findings of fact, including that the Aunt "is residing in Hillsborough County, Florida"; that the child's mother and father had each signed a Waiver of Service of Process and Consent to the Aunt's petition on November 29, 2023, both of which the trial court attached to the January 16, 2024, order; and that "[i]t is in the best interests of the [child], that [the Aunt] be granted temporary custody of the [child], pending further order of the Court."

The underlying Petition alleged that both of the child's parents were incarcerated in 2023, that in November 2023 the Aunt came to Tampa from her home in Argentina to help care for the child, and that the child's maternal grandmother also came to Tampa from her home in North Carolina to help care for the child. The Petition also alleged that on November 27, 2023, the Grandmother brought the child back to her home in North Carolina. The Grandmother was not served formally with the Petition and notice of the hearing; however, the Aunt alleged that a process server spoke with the Grandmother via telephone and emailed

2

the Grandmother the Petition and notice of the January 9, 2024, hearing. The Grandmother did not appear at the January 9, 2024, hearing. The order granting temporary custody to the Aunt was entered by the trial court on January 16, 2024.

Immediately following the entry of the order awarding the Aunt temporary custody, the Aunt arranged to meet the Grandmother to pick up the child in North Carolina. However, the Grandmother did not show up. Accompanied by law enforcement, the Aunt went to the Grandmother's residence to retrieve the child, but no one answered.

Unbeknownst to the Aunt, the Grandmother, on January 12, 2024, instituted her own child custody proceeding in the State of North Carolina and obtained an ex parte order granting her temporary custody of the child; a return hearing was set in the North Carolina case for January 22, 2024.

Fearing that the Grandmother may flee to Mexico with the child, the Aunt, on January 18, 2024, filed in the Florida case a Verified Emergency Motion for Return of Child and Request for Child Pick-Up Order Ex Parte, advising the trial court of her fear and of the Grandmother's temporary custody order from the North Carolina court. The trial court denied the request to hear the motion on an emergency basis and instructed the Aunt's counsel to schedule the motion for hearing. On January 30, 2024, the Aunt filed an Expedited Motion for a UCCJEA Evidentiary Hearing Pursuant to Florida Statute 61.508 and unsuccessfully attempted to set the matter for hearing.[1]

---

[1] Section 61.508, headed "Priority," provides, "If a question of existence or exercise of jurisdiction under this part is raised in a child custody proceeding, the question, upon request of a party, must be given priority on the calendar and handled expeditiously."

On February 9, 2024, the trial court sua sponte issued an order relinquishing jurisdiction of this custody proceeding to the North Carolina court based on section 61.520(1), Florida Statutes (2024), ruling that North Carolina was a more convenient forum—no mention was made in the order to the Aunt's emergency or expedited motions.[2]  The trial court found that under the UCCJEA, a court with jurisdiction over a custody cause may decline to exercise that jurisdiction if it finds that the court of another state is a more appropriate forum.

The Aunt argues that the trial court violated her due process rights when it entered the order relinquishing jurisdiction to the North Carolina court without granting her notice and an opportunity to be heard at an evidentiary hearing.  The child's parents, the Appellees, both filed concessions of error requesting the order relinquishing jurisdiction be reversed and a hearing held on the Aunt's motion.

II.

We review de novo the question of whether a trial court has violated a party's due process rights.  *A.R. v. Dep't of Child. & Fams.*, 336 So. 3d 830, 833 (Fla. 2d DCA 2022) (quoting *Dobson v. U.S. Nat'l Ass'n*, 217 So. 3d 1173, 1174 (Fla. 5th DCA 2017)); *see also Williams v. Sapp*, 255 So. 3d 912, 914 (Fla. 1st DCA 2018) ("Appellate courts review possible due process violations in family law cases *de novo*." (citing *Dep't of Revenue ex rel. Thorman v. Holley*, 86 So. 3d 1199, 1204 (Fla. 1st DCA 2012)).  We answer that question in the affirmative for the reasons stated below.

"One purpose of the UCCJEA is the avoidance of 'jurisdictional competition and conflict with courts of other states in matters of child

---

[2] The trial judge who entered the order relinquishing jurisdiction was not the same trial judge who entered the January 16, 2024, order granting temporary child custody to the Aunt.

custody.' " *Beehler v. Beehler*, 351 So. 3d 1257, 1259 (Fla. 1st DCA 2022) (quoting § 61.502(1)).

Based upon the waivers and consents of the child's parents, there is no dispute that the Florida trial court is in the child's home state, and the trial court made the initial child custody determination for the purposes of UCCJEA in granting the Aunt's Petition. *See* §§ 61.503(3), (8); .514(1)(a). The trial court therefore " 'retains exclusive, continuing jurisdiction' over that determination." *Beehler*, 351 So. 3d at 1260 (quoting § 61.515(1)). A trial court having such jurisdiction may, on its own motion, "decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." § 61.520(1). But before making this determination, the trial court must determine whether it is appropriate for the court of another state to exercise jurisdiction. § 61.520(2). And that entails allowing the parties to submit certain information for the trial court to consider. *Id.* Relevant factors for the trial court's consideration include:

(a)  Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

(b)  The length of time the child has resided outside this state;

(c)  The distance between the court in this state and the court in the state that would assume jurisdiction;

(d)  The relative financial circumstances of the parties;

(e)  Any agreement of the parties as to which state should assume jurisdiction;

(f)  The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

5

(g) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(h) The familiarity of the court of each state with the facts and issues in the pending litigation.

*Id.*

In the instant case, without notice and without allowing the parties to submit information pursuant to the statute, the trial court determined on its own motion that the North Carolina court was the more convenient forum.[3] Making this determination without granting the parties an opportunity to be heard is generally error. *See Fla. Dep't of Child. & Fams. v. M.N.,* 199 So. 3d 452, 455-56 (Fla. 3d DCA 2016) (reversing order of dismissal and remanding for further proceedings where record did not reflect trial court's consideration of factors under section 61.520(2)); *cf. Steckler v. Steckler*, 921 So. 2d 740, 744 (Fla. 5th DCA 2006) (holding that the court did not abuse its discretion in failing to hold an evidentiary hearing on the section 61.520(2) factors, where the movant submitted information on some of the factors and the court declined to relinquish jurisdiction).

Those cases reversing and remanding to allow the parties notice and an opportunity to be heard dealt with situations in which one or both the child's parents were involved in the custody dispute. There is no question that a child's parents are entitled to notice and an opportunity to be heard in proceedings under the UCCJEA. In this case, the Aunt, who was granted temporary custody under section

---

[3] When the court made this determination, two of the Aunt's emergency motions were pending which addressed a number of the section 61.520(2) factors, although it is not apparent from the record in this case whether the trial court considered the information in the Aunt's motions in deciding to relinquish jurisdiction.

751.02(1)(a), Florida Statutes (2023), argues that she too is entitled to be heard on the section 61.520(2) factors, and we agree.

The initial trial court granted the Aunt temporary custody of the minor child based on the parents' consents pursuant to section 751.02(1)(a). Notwithstanding that the order stated it was subject to modification, the Aunt, as the petitioner in this child custody proceeding who was awarded temporary custody of the child, is therefore a party in this proceeding. *Cf. M.K. v. Dep't of Child. & Fams.*, 380 So. 3d 469, 472 (Fla. 4th DCA 2023) (stating that in the chapter 39 context, a "party" entitled to notice includes the petitioner). Because she is a party, she is entitled under section 61.520(2) to "submit information" for the court to consider prior to making its determination on whether to relinquish its jurisdiction. Therefore, the trial court erred in entering the order relinquishing jurisdiction without allowing the Aunt notice and an opportunity to present information for its consideration relevant to the relinquishment of jurisdiction under section 61.520(2).

Accordingly, we reverse the trial court's order sua sponte relinquishing jurisdiction and remand for the trial court to consider and permit the Aunt to submit information on the factors in section 61.520(2) prior to entry of an order relinquishing jurisdiction under section 61.520(1). *See M.N.*, 199 So. 3d at 455-56 ("[T]he trial court may conduct a hearing and enter findings regarding the 'relevant factors' set forth in section 61.520(2), before making a determination whether or not the Florida case should be formally transferred to" another jurisdiction

(emphasis added)).[4]  This matter shall be given priority pursuant to section 61.508.

Reversed and remanded.

SLEET, C.J., and ATKINSON, J., Concur.

_____

Opinion subject to revision prior to official publication.

---

[4] This opinion is not to be construed as requiring the trial court to hold an evidentiary hearing or enter written findings on the section 61.520(2) factors.